IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| LAZARO PONCE<br><br>                    Plaintiff,<br><br>v.<br><br>TREVOR BENSON, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER ADDRESSING VARIOUS OUTSTANDING MOTIONS AND SETTING BRIEFING LIMITATIONS AND DEADLINES**<br><br>Case No. 4:23-cv-00116-AMA<br><br>District Judge Ann Marie McIff Allen |

      This *pro se* prisoner civil-rights case was filed *in forma pauperis* on December 15, 2023, from Purgatory Correctional Facility ("PCF") in Hurricane, Utah.[1] The Complaint brings claims against several PCF employees, whom Plaintiff Lazaro Ponce alleges denied him due process in disciplinary proceedings; physically mistreated him; and tampered with his mail, breaching his rights to free speech and legal access.[2] Shortly after submitting the Complaint, Mr. Ponce filed a motion for appointed counsel.[3] Two motions for "protective order" followed in March 2024.[4]

      Given the potential urgency of the motions for protective order, the Court immediately requested Defendants[5] waive service of process of the Complaint and ordered Defendants to file

---

[1] ECF No. 3; Compl., ECF No. 6.; *see* 28 U.S.C. § 1915 (2025); 42 U.S.C. *id.* § 1983. Mr. Ponce asserts violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution. Compl. at 32–39.
[2] ECF No. 6.
[3] ECF No. 5.
[4] ECF Nos. 9, 11.
[5] These are the defendants:
    Trevor Benson (chief), Schultz (deputy lieutenant), Peralta (deputy
    sergeant), Burley Lindsey (mailroom clerk), John Doe # 1 (deputy sheriff),

1

a *Martinez* report,[6] and response to the motions for protective orders.[7] Defendants waived service and, as ordered, filed a *Martinez* report, summary-judgment motion, and a response to the motions for protective order.[8] Mr. Ponce responded with evidence and various motions, including requests for evidentiary hearings, discovery, and permission to supplement the Complaint.[9]

The case is currently before the Court on 26 motions Mr. Ponce has filed regarding various topics, which the Court addresses below. The case is also before the Court on a motion to seal filed by Defendants. The Court will also set a schedule for further motions and briefing in this case, as well as set procedures for motions not contemplated by the Court's schedule.

---

   John Doe # 2 (deputy sheriff), Johnson (deputy sheriff), Anderson (deputy sheriff), Christenson (deputy sheriff), T. Bryant (deputy sheriff), A. Alo (deputy sheriff), B. Taylor (deputy sheriff), J. White (deputy sheriff), Percival (deputy sheriff), C. Ostrowsky (deputy sheriff), C. Criddle (deputy sheriff).
(ECF Nos. 6, 12.)

[6]*Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), approved the district court practice of ordering prison administrations to prepare reports to be included in pleadings in cases when inmates allege constitutional violations by institutional officials.

  In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.
[7] ECF Nos. 6, 9, 11-12.
[8] ECF Nos. 9, 11-12, 16, 20, 43, 52-53, 67-70, 93-102.
[9] ECF Nos. 6, 18, 23, 26-30, 40, 49, 55, 59, 61-63, 71-72, 80-81, 103-04, 108-11, 113, 115.

**DISCUSSION**

I. **Motion to Appoint Counsel**

Mr. Ponce filed a Motion to Appoint Counsel.[10] "As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the Court lacks authority to appoint counsel; still, federal statute authorizes the Court to ask counsel to agree to represent an indigent plaintiff free of charge. *See* 28 U.S.C.S. § 1915(e)(1) (2025) ("The Court may request an attorney to represent any person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining, when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). Mr. Ponce has the burden of convincing the Court that his claim has enough merit to warrant such a request. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). But "[i]t is not enough" for Mr. Ponce to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up). Instead, in deciding whether to ask volunteer counsel to represent Mr. Ponce at no cost, this Court considers a variety of factors, like "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838-39.

Considering the above factors, the Court concludes here that a request for counsel is not warranted at this time. First, Mr. Ponce appears to grasp the fundamental issues in his case and

---

[10] ECF No. 5.

has shown he is capable of presenting his case intelligently. If anything, Mr. Ponce has demonstrated a great determination to present any and all issues to the Court. Additionally, the Court appreciates the courteous and professional nature of Mr. Ponce's filings. He appears adequately prepared and able to address the legal and factual issues at play in this matter. Finally, as to the substance of his claims, the Court does not find merit so compelling as to justify a request for counsel, particularly in light of Mr. Ponce's ability to pursue his claims on his own. The Court does not intend this statement to discredit Mr. Ponce's claims, which the Court is evaluating carefully, consistent with its duty at this stage of the proceedings. Rather, the Court addresses the relative merits of his claims in light of the standard applicable to Mr. Ponce's request for counsel, which the Court denies without prejudice.

## II.     Request that Defendants Mark Correspondence as "Legal Mail"

Mr. Ponce filed a Motion for an Order Against Counsel for the Defendants in which he requests Defendants mark correspondence related to this case as "legal mail" and to provide a copy of the docket to Mr. Ponce.[11] Mr. Ponce alleges that certain letters related to this case have been misdelivered. Defendants argue that marking correspondence in this case as "legal mail" violates Utah Department of Corrections Policy ("Policy") and misuses the "legal mail" designation.[12]

At the outset, the Court will grant Mr. Ponce's request for a copy of the docket. The Clerk of Court is instructed to mail a copy of the current docket to Mr. Ponce.

---

[11] ECF No. 55. He subsequently filed a separate Motion for Updated Docket Sheet. ECF No. 80.
[12] ECF No. 56.

Next, Defendants argue that marking correspondence related to this case as "legal mail" runs contrary to the relevant policy because Defendants' counsel does not represent Mr. Ponce.[13] Yet Defendants cite nothing in the Policy that precludes them from marking correspondence as legal mail, even if not directed to their client. The cited portion of the Policy indicates inmates have an interest not only in communicating with their attorneys but also with the courts and "certain public officials." The courts, of course, do not ever act in a representative capacity and it would be unusual if a public official represented an inmate.

In the absence of a prohibition, it seems notation such as "legal mail," or other similar notation, on correspondence could be helpful in ensuring Mr. Ponce timely receives material related to this case. Nonetheless, Mr. Ponce has not identified a requirement that correspondence be marked "legal mail." Also, he points to no more than what appears to be a limited delay in his receipt of some mail. Accordingly, the Court will deny this request without prejudice. Mr. Ponce may renew this request by motion if correspondence related to this case is misdelivered or unusually delayed in the future.

### III. Requests for Protective Orders

Mr. Ponce filed two motions seeking protective orders.[14] He moves "for a protective order . . . under . . . 18 U.S.C. § 1512(a)(2)."[15] Mr. Ponce asserts that, while he was at PCF, a

---

[13] The Court notes that Defendants appear to be partially laboring under a misunderstanding. Defendants argue, in part, about the impropriety of marking mail as "privileged," but Mr. Ponce does not appear to make any such request.

[14] Motion for Protective Order (ECF No. 9), Motion for Protective Order (ECF No. 11). Mr. Ponce also filed a Motion in Response to Counsel for the Defendants Response to Motion for Protective Order (ECF No. 28), which appears to be a reply rather than a motion and is therefore moot.

[15] ECF No. 9.

defendant warned him that certain defendants had "arranged for [him] to be murdered upon [his] arrival at state prison."[16] Thus, he requests "a protective order against [PCF] defendants and also against any retaliation or violence against [Mr. Ponce] by corrections officers at the prison where [he's] going to be transferred to."[17] Seven days after Mr. Ponce filed this request, he submitted a change of address, showing his new location to be the Utah State Correctional Facility ("USCF").[18] Mr. Ponce's motion is essentially one for preliminary injunctive relief.[19]

First, Mr. Ponce improperly invokes a criminal code in this civil action. To the degree that he suggests his request for preliminary injunctive relief is supported by this code, his suggestion must be rejected. *See Wind v. McDonald*, No. 23-CV-1011, 2024 U.S. Dist. LEXIS 204408, at *20 n.12 (D. Colo. Aug. 22, 2024) (citing *Creech v. Fed. Land Bank*, 647 F. Supp. 1097, 1099 (D. Colo. 1986) (holding that "bare criminal statute, which contains absolutely no indication that a civil remedy is available, does not provide a basis from which to infer a private cause of action" (cleaned up))); *see also Higgins v. Neal*, No. 94-1154, 1995 U.S. App. LEXIS 8238, at *4 (10th Cir. Apr. 12, 1995) ("[C]ourts universally endorse the principle that private citizens cannot prosecute criminal actions."); *Gross v. Dougherty*, No. 22-CV-2858, 2023 U.S. Dist. LEXIS 240178, at *6-7 (D. Colo. Feb. 10, 2023) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (asserting propriety of denying claims based on breach of criminal statute if statute does not create private right of action); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D.

---

[16] *Id.*
[17] *Id.*
[18] ECF No. 10.
[19] ECF No. 9.

Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.")).

Second, Mr. Ponce may not request injunctive relief regarding those who are not defendants here. All the defendants are employees of PCF, not USCF.[20] Thus, Mr. Ponce may not ask for injunctive relief from state employees working at USCF. This reasoning also applies to a second motion "for a protective order" Mr. Ponce filed after his transfer to USCF on March 26, 2024.[21] In the second motion, Mr. Ponce also invalidly, and fatally, seeks preliminary injunctive relief from USCF employees who are not parties to this action.[22]

Finally, as Defendants note, within days of filing his first motion for preliminary injunctive relief, Mr. Ponce transferred to a different facility.[23] And, "[a]n inmate's transfer from a prison facility generally moots claims for . . . injunctive relief related to conditions of confinement." *Mitchell v. Estrada*, 225 F. App'x 737, 741 (10th Cir. 2007) (unpublished). In sum, Mr. Ponce's first motion for preliminary injunction is thus denied as moot[24] and his second motion for preliminary injunction is denied because it seeks relief against nonparties.[25]

### IV. Discovery and *Martinez* Report

Mr. Ponce filed thirteen motions regarding discovery issues, including purported deficiencies with Defendants' *Martinez* Report.[26] The Court will deny these motions without

---

[20] ECF No. 6.
[21] ECF No. 11.
[22] *Id.*
[23] ECF Nos. 9–10, 20.
[24] ECF No. 9.
[25] ECF No. 11.
[26] Motion for Hearing (ECF No. 18), Motion for Discovery (ECF No. 23), Motion for an Order to Show Cause and for the Appropriate Sanctions (ECF No. 27), Motion for Discovery (ECF No. 29), Motion to be Allowed to Document and Preserve for Evidence Threats of Injury, Assault,

prejudice in an attempt to clarify the issues that remain following the filing of Defendants' *Martinez* Report and streamline briefing of any remaining issues. Ten of the thirteen outstanding discovery motions were filed prior to, or contemporaneous with, Defendants' most recent supplement to their *Martinez* Report, filed October 9, 2024.[27] It is thus unclear what issues, if any, remain outstanding in light of the materials Defendants have provided subsequent to Mr. Ponce filing the motions. Additionally, as to the three motions filed subsequent to the most recent *Martinez* Report, the Court will deny these motions without prejudice, in the interest of streamlining the briefing in this case to allow Defendants to meaningfully respond to Mr. Ponce's concerns regarding discovery. While the Court understands Mr. Ponce's interest in alerting the Court to potential issues in his case, that interest must be balanced with Defendants' ability to respond. A high volume and frequency of motions can impede the "just, speedy, and inexpensive determination" of proceedings directed by Rule 1. *See* Fed. R. Civ. P. 1. Accordingly, the Court will order Plaintiff to file a single motion regarding any discovery issues he believes remain outstanding, including completeness of *Martinez* Report, by the deadline set forth below.[28]

---

and Death by the Defendant Benson and Warden Mortenson and other Prison Officers (ECF No. 40), Motion for Subpoena (ECF No. 59), Motion to Compel Discovery (ECF No. 61), Motion for Discovery (ECF No. 62), Motion for Subpoena Duces Tecum (ECF No. 71), Motion for Polygraph Text (ECF No. 72), Motion for Hearing re: Evidentiary Hearing (ECF No. 103), Motion for Appointment of Independent Expert Witness to Assist the Court (ECF No. 108), Motion to be Allowed to Interview and Obtain a Declaration of Washington County Defendants Expert Witness Dr. Todd Wilcox (ECF No. 111).
[27] *See* ECF No. 69.
[28] *See infra* Part VIII.

### V. **Pleadings**

#### a. **Complaint**

Mr. Ponce filed two motions asking to amend his Complaint to replace John Does 1 and 2 with names of personnel Mr. Ponce contends worked in the kitchen at PCF while he was incarcerated there.[29] The Court will deny these two pending motions without prejudice, and allow Mr. Ponce to file a single renewed motion. If Mr. Ponce elects to file a renewed motion to substitute the John Doe Defendants, he must identify who specifically he requests be added to the Complaint as defendants and the specific actions he believes any proposed defendant took that are relevant to Mr. Ponce's claims.

Additionally, because the pleadings remain uncertain at this time, the Court will deny as moot Defendants' pending Motion for Summary Judgement.[30] The Court will set a new deadline for Defendants to file a motion for summary judgment once the motions regarding substitution and discovery have been addressed.[31]

#### b. **Reply to Answer**

Next, Mr. Ponce filed a Motion for "Extension of Time to Submit an Answer to the Answer Given to Plaintiff's Complaint."[32] As an initial matter, a reply to a complaint is not permitted unless the Court orders one. *See* Fed. R. Civ. P. 7(a)(7). The Court has not done so.[33]

---

[29] ECF Nos. 104, 113.
[30] Mr. Ponce sought an extension of time to respond to the pending summary judgment motion, ECF No. 115, or a stay of summary-judgment proceedings, ECF No. 104. These requests are mooted by the Court's decision to strike the pending summary-judgment motion.
[31] If Mr. Ponce does not file any motion within 45 days, Defendants may simply refile their Motion for Summary Judgment. *See* Part VIII *infra*.
[32] ECF No. 26.
[33] Additionally, the Motion appears moot based on Mr. Ponce's later filing. *See* ECF No. 45.

### c. Typewritten copy of Complaint attached to Defendants' Answer

Mr. Ponce filed a Motion to Strike a typewritten copy of the Complaint attached to Defendants' Answer.[34] The Court declines to order this modification to the docket, but acknowledges Mr. Ponce's effort in bringing the asserted discrepancies to the Court's attention. Although the typewritten complaint remains on the Docket, Mr. Ponce's handwritten Complaint controls the allegations in this case.

## VI. Objections to Evidence

Mr. Ponce filed a Motion to Strike[35] asking the Court to strike a suicide prevention and threats policy, statements regarding Mr. Ponce's mental health, and records of his other civil cases. The Court denies this motion insofar as it requests the Court strike various materials in the docket, though the Court notes Mr. Ponce's objection and he may continue to argue the relevance of these materials as this case proceeds.

## VII. Defendants' Motion to Seal Certain Documents

Under District of Utah Local Rule 5-3(b), Defendants move "to File Under Seal Specific *Martinez* Report Exhibits, Nos. 2 [redacted copy filed at Doc. 52-3], 4A-4D [redacted copies filed at Docs. 52-5 to 52-8], 5A-5B [redacted copies filed at Docs. 53 and 53-1], 9A [redacted copy filed at Doc. 68], 9B [redacted copy filed at Doc. 69-1]."[36] Defendants argue that "[g]ood cause" justifies sealing these documents, on the basis that they "contain confidential and protected health information (PHI) or other highly sensitive information of Plaintiff . . . or other

---

[34] ECF No. 49.
[35] ECF No. 81.
[36] ECF No. 92. This motion replaced a prior motion to seal. *See* ECF No. 77.

inmates housed . . . with him at the Washington County Jail."[37]  Plaintiff opposes the sealing of documents, other than his medical records.[38] In deciding this motion, the Court has reviewed all the parties' arguments.

The District of Utah's Local Rules recognize that "records of the court are presumptively open to the public," and so "sealing [documents] . . . is highly discouraged." DUCivR 5-3(a)(1). However, "[o]n motion of a party and a showing of good cause, a judge may order that a Document be sealed." *Id.*  Based on Defendants' arguments and the Court's review of the exhibits, the Court sees the sensitive nature of information on Plaintiff's private prison records and need for security as to "Jail Events" summaries with names of and interactions between other inmates, including injuries inflicted on each other, (ECF No. 77-1); medical reports, (ECF No. 77-2 to 77-5, 77-8); and grievances discussing things like disciplinary hearings, protective custody, and medical issues, (ECF Nos. 77-6 to 77-7, 77-9).

Concluding that good cause exists to seal the documents, the Court finds Defendants' request narrowly tailored in the protection sought and determines the length of the seal shall be permanent. At the very least, Utah's Government Records Access and Management Act, Utah Code Ann. §§ 63G-2-101 to -901 (2024), appears to support the sealing. *See* DUCivR 5-3(b).

## VIII. <u>Procedures and Deadlines</u>

The motions practice in this case has been somewhat extensive.  In an effort to effectively manage this case going forward, the Court finds it will be helpful to set specific deadlines and briefing allowances to narrow and clarify outstanding issues, as set forth below.

---

[37] *Id.*
[38] ECF No. 109.

Given the Court has denied as moot the previously pending Motion for Summary Judgment, the Court will deny as moot Mr. Ponce's Motion for Extension of Time to File Response/Reply to the Motion for Summary Judgment[39] and his Motion to Oppose and Preclude Washington County Defendants Preliminary Expert Witness Todd Randal Wilcox.[40] Once Defendants refile a motion for summary judgment, Mr. Ponce may refile a motion to exclude any expert testimony supporting Defendants' refiled motion for summary judgment that he believes is subject to objection.

Next, Mr. Ponce may file a renewed motion to substitute John Doe Defendants within 21 days of this order. Any such motion must specify the individuals Mr. Ponce requests be added to the Complaint as defendants and the specific actions he believes any proposed defendant took that give rise to a claim. Defendants must respond to that renewed motion within 14 days.

Additionally, Mr. Ponce may file a single motion regarding presently outstanding discovery issues and the completeness of the *Martinez* report within 45 days of this order. Defendants must respond to that motion within 21 days of Mr. Ponce filing it. The Court will set a new deadline for Defendants to file a motion for summary judgment once the motions regarding substitution and discovery have been addressed. If Mr. Ponce does not file any motion within 45 days, Defendants may simply refile their Motion for Summary Judgment.

Next, if Mr. Ponce encounters significant delays receiving mailing related to this case, he may file a renewed motion for Defendants to mark correspondence as "legal mail" or otherwise indicate the importance of the material.

---

[39] ECF No. 115
[40] ECF No. 110

Finally, if Mr. Ponce files any other motion not contemplated by this subsection prior to the Court ruling on his anticipated renewed motion to substitute John Doe Defendants, the document will be lodged on the docket, but Defendants need not respond unless the Court orders otherwise.

ORDER

Finally, if Mr. Ponce files any other motion not contemplated by this subsection prior to the Court ruling on his anticipated renewed motion to substitute John Doe Defendants, the document will be lodged on the docket, but Defendants need not respond unless the Court orders otherwise.

## **ORDER**

Based on the foregoing, the Court ORDERS as follows:

The Court GRANTS Mr. Ponce's Motion for Updated Docket Sheet. (ECF No. 80). The Clerk of Court is ordered to mail a copy of the docket sheet to Mr. Ponce.

The Court GRANTS Defendants' motion "to File Under Seal Specific *Martinez* Report Exhibits, Nos. 2 [redacted copy filed at Doc. 52-3], 4A-4D [redacted copies filed at Docs. 52-5 to 52-8], 5A-5B [redacted copies filed at Docs. 53 and 53-1], 9A [redacted copy filed at Doc. 68], 9B [redacted copy filed at Doc. 69-1]." (ECF No. 92.)

The Court DENIES Mr. Ponce's:

    Motion for Protective Order (ECF No. 11);

    Motion for "Extension of Time to Submit an Answer to the Answer Given to Plaintiff's Complaint (ECF No. 26);

    Motion to Strike a typewritten copy of the Complaint attached to Defendants' Answer (ECF No. 49); and

    Motion to Strike (ECF No. 81).

The Court DENIES, without prejudice, Mr. Ponce's:

    Motion to Appoint Counsel (ECF No. 5);

    Motion for Hearing (ECF No. 18);

Motion for Discovery (ECF No. 23);

Motion for an Order to Show Cause and for the Appropriate Sanctions (ECF No. 27);

Motion for Discovery (ECF No. 29);

Motion to be Allowed to Document and Preserve for Evidence Threats of Injury, Assault, and Death by the Defendant Benson and Warden Mortenson and other Prison Officers (ECF No. 40);

Motion for and Order Against Counsel for the Defendants (ECF No. 55);

Motion for Subpoena (ECF No. 59);

Motion to Compel Discovery (ECF No. 61);

Motion for Discovery (ECF No. 62);

Motion for Subpoena Duces Tecum (ECF No. 71);

Motion for Polygraph Text (ECF No. 72);

Motion for Hearing re: Evidentiary Hearing (ECF No. 103);

Motion to Dismiss Party John Doe 1 and John Doe 2 from this Action (ECF No. 104);

Motion for Appointment of Independent Expert Witness to Assist the Court (ECF No. 108); and

Motion to be Allowed to Interview and Obtain a Declaration of Washington County Defendants Expert Witness Dr. Todd Wilcox (ECF No. 111).

The Court DENIES, as moot, Mr. Ponce's:

Motion for Protective Order (ECF No. 9);

>Motion in Response to Counsel for the Defendants Response to Motion for Protective Order (ECF No. 28);
>
>Motion to Oppose and Preclude Washington County Defendants Preliminary Expert Witness Todd Randal Wilcox (ECF No. 110);
>
>Motion to Supplement Pleadings (ECF No. 113); and
>
>Motion for Extension of Time to File Response/Reply to Washington County Defendants' Motion for Summary Judgment (ECF No. 115).

IT IS FURTHER ORDERED:

Defendants' Motion for Summary Judgment is STRICKEN. (ECF No. 102). The Court will set a new deadline for Defendants to file a motion for summary judgment once the motions regarding substitution of John Doe Defendants and discovery have been addressed.

Mr. Ponce may file a renewed motion to substitute the John Doe Defendants within 21 days of this order. Any such motion must specify the individuals Mr. Ponce wants to add to the Complaint as defendants and the specific actions he believes any such proposed defendant took that harmed him. Defendants must respond to that renewed motion within 14 days.

Plaintiff may file a single motion addressing any outstanding discovery matters, including asserted deficiencies with Defendant's *Martinez* Report, within 45 days of this order. Defendants must respond to that motion within 21 days of Mr. Ponce filing it.

15

If Mr. Ponce does not file any motion within 45 days, Defendants may refile their Motion for Summary Judgment.

ORDERED this 7th day of March 2025.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge