THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LAZARO PONCE,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR BENSON et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO AMEND COMPLAINT**<br><br>Case No. 4:23-CV-116-AMA<br><br>District Judge Ann Marie McIff Allen |

This *pro se* prisoner civil-rights case was filed *in forma pauperis* on December 15, 2023, from Purgatory Correctional Facility (PCF). Dkt. Nos. 3, 6. The Complaint brings claims against several PCF employees, whom Plaintiff Lazaro Ponce alleges denied him due process in disciplinary proceedings; physically harmed him; and tampered with his mail, breaching his free-speech and legal-access rights. Dkt. No. 6. Defendants waived service of the Complaint and have since provided *Martinez* reports and a summary-judgment motion, along with responses to Plaintiff's numerous motions. *See, e.g.*, Dkt. Nos. 6, 12, 16, 43, 52-53, 67-70, 93-102, 127, 129, 133, 136.

Citing Federal Rule of Civil Procedure 15(a)(2),[1] Plaintiff's latest motion seeks to amend his Complaint. Dkt. Nos. 6, 146. Defendants oppose the motion based on Plaintiff's delay and

---

[1]Rule 15(a) reads as follows:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

prejudice to Defendants if amendment is granted. Dkt. 149 at 5-6. Nonetheless, Defendants recognize the liberal standard governing motions to amend. *See id.* at 7. The Court has considered the parties' arguments and Plaintiff's proposed amended complaint. Dkt. Nos. 146, 146-1, 149-50. For the reasons set forth below, the Court will grant Plaintiff's motion

**ANALYSIS**

District courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Hall v. Bellmon*, 935 F.3d 1991, 1110 n.3 (noting *pro se* plaintiffs must have "reasonable opportunity to remedy the defects in their pleadings"). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). "[T]hus district courts may withhold leave to amend only for reasons such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (quotations omitted).

Having liberally considered these factors here, the Court determines that justice warrants Plaintiff's amendment. Dkt. Nos. 146, 149-50. First, based on concerns expressed by Defendants in their response to Plaintiff's motion to amend, Plaintiff agrees to the dismissal, with prejudice, of twelve out of sixteen defendants and to the dismissal, with prejudice, of "claims of food

---

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

tampering and mail mishandling-tampering." Dkt. No. 150, at 1-2.[2] This shows Plaintiff's good faith and alleviates much of the prejudice Defendants raise in their Opposition. Second, Defendants do not suggest the new claims of cruel-and-unusual-punishment and retaliation, predicated on the mattress used by Plaintiff, are untimely on the basis of an applicable statute of limitations. Likewise, those claims are against an existing defendant, Matthew Johnson, who has already been actively participating in this litigation. *See* Dkt. Nos. 6, 16, 146, 146-1, 149-50. The facts bearing on these new claims do not seem particularly complex or unreasonably burdensome for him to address. Dkt. No. 146-1. Finally, this is Plaintiff's first time amending his complaint.

**ORDER**

Based on the foregoing, **IT IS ORDERED** as follows:

**1.** Plaintiff's motion to amend the Complaint is **GRANTED**. Dkt. Nos. 6, 146.

**2.** With Plaintiff's agreement, the following claims and defendants are **DISMISSED** with prejudice:

**a.** Defendants Amataga **Alo**, Jed **Anderson**, Ty **Bryant**, Lindsay **Burley**, Cade **Christensen**, Connor **Criddle**, Cole **Ostrowski**, Travis **Percival**, Brandon **Taylor**, Joseph **White**, John **Doe 1**, John **Doe 2**; and

**b.** "claims of food tampering and mail mishandling-tampering." Dkt. No. 150.

**3.** The Clerk of Court shall file the Amended Complaint. Dkt. No. 146-1.

---

[2] Specifically, Plaintiff indicates: "he won't be opposing the dismissal from the case of all the currently named defendants who are not named in the new complaint as to all claims and causes of action with prejudice of all the claims asserted against them in the original complaint," Dkt. 150 at 1, and "as to the claims of food tampering and mail mishandling-tampering, Plaintiff do agrees for those claims to be dismissed with prejudice by the court," *id.* at 2.

**4.** All further litigation is stayed until the Court fully screens the Amended Complaint and orders next steps.

**5.** Defendants' Motion for Order Closing Pleadings, Resolving Pending Motions, and Setting Deadline for Renewed Motion for Summary Judgment is **DENIED** as moot. Dkt. No. 141.

DATED this 30th day of September 2026.

BY THE COURT:

JUDGE ANN MARIE MCIFF ALLEN
United States District Court